# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **ANTHONY RAY THOMPSON,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) **Civil Action No. CV 05-S-0681-NE** |
| | ) |
| **WARDEN GRANT CULLIVER,** | ) |
| **ATTORNEY GENERAL FOR THE** | ) |
| **STATE OF ALABAMA,** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed findings and recommendation (doc. no. 18) on September 21, 2006 recommending that the petition for writ of habeas corpus be dismissed as untimely. Thompson filed objections (doc. no. 25) addressing not the original Findings and Recommendation (doc. no. 18) but only the Order of November 22, 2006 (doc. no. 23) in which the Magistrate Judge concluded that the claim that Thompson is entitled to a new sentencing hearing pursuant to § 13A-5-9.1[1] is barred by the federal limitation period.

---

[1] § 13A-5-9.1 provides:

The provisions of Section 13A-5-9 shall be applied retroactively by the sentencing judge or presiding judge for consideration of early parole of each non-violent convicted offender based on evaluations performed by the Department of Corrections and approved by the Board of Pardons and Paroles and submitted to the court.

Thompson argues that the trial court would not consider his petition for review until the Supreme Court issued a final certificate of judgment in *Kirby v. State*, 899 So.2d 968 (Ala. 2004).  It appears that Thompson relies upon 28 U.S.C. § 2244(d)(1)(B) as establishing the date from which the limitation period began to run:

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

Even if the January 26, 2005 petition for review and reduction of his life without parole sentence could  have tolled the limitation period, the one year limitation period began to run at the latest on March 21, 2005 when petitioner dismissed the appeal from the denial of the petition for review  (doc. no. 1, p. 3).  Thompson had only until March 22, 2006 in which to present any claims related to the denial of the petition for review. When Thompson filed this federal habeas action on March 25, 2005, the only claims raised related to his original sentencing in 1992.  There were no claims made concerning the 2005 order denying the petition for review until November 2, 2006.  Any claim related to the 2005 denial of the petition for review is barred by the one year federal statute of limitations.

The claim related to the denial of the petition for review does not relate back to the original § 2254 habeas petition within the meaning of Rule 15(c), *Federal Rules of Civil*

*Procedure*. In *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), *cert. denied*, 532 U.S. 907, 121 S.Ct. 1232, 149 L.Ed.2d 141 (2001), the Eleventh Circuit explained:

> "Relation back" causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed. ... [T]he new claims in [the] amended § 2255 motion will relate back and be considered timely if they "arose out of the conduct, transaction, or occurrence" set forth in his original § 2255 motion.
>
> [F]or an untimely § 2255 claim to "relate back" under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings. [citations omitted.] Instead, in order to relate back, the untimely claim must have arisen from the "same set of facts" as the timely filed claim, not from separate conduct or a separate occurrence in "both time and type." [citations omitted].

217 F.3d at 1344. Thereafter, in *Mayle v. Felix,* 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005)*,* the Supreme Court held: "An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in time and type from those in the original pleading set forth." 125 S.Ct. at 2566. The Court rejected an interpretation of the Rule 15(c)(2) relation back provision which would allow "trial and conviction in state court" to constitute a "transaction" within the meaning of Rule 15(c)(2). The Court stated:

> Habeas Corpus Rule 2(c) ... instructs petitioners to specify all available grounds for relief and to state the facts supporting each ground. Under that rule, [the defendant's] Confrontation

> Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds for relief, the Rule suggests, would delineate an "occurrence." [The defendant's] approach, the approach that prevailed in the Ninth Circuit, is boundless by comparison. A miscellany of claims for relief could be raised later rather than sooner and relate back, for "conduct, transaction, or occurrence" would be defined to encompass any pretrial, trial, or post-trial error that could provide a basis for challenging the conviction. An approach of that breadth ... views "occurrence" at too high a level of generality.

125 S.Ct. at 2573 (quotation marks and citation omitted). The Court concluded that relation back is only allowable "when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes ." *Id.* at 2571 (citation omitted).  Any claim or claims relating to the denial of the petition for review are untimely and do not relate back to the filing of the original § 2254 petition because the original § 2254 petition involved only issues concerning the original 1992 sentencing proceeding.

An even more fundamental problem for Thompson is the fact that "the writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Here, Thompson does not allege that he is in custody in violation of the Constitution.  Instead, he argues

that the trial court lacked jurisdiction to deny his 13A-5-9.1 motion; however a jurisdictional claim is not a constitutional claim.

Further, § 13A-5-9.1 does not dictate resentencing but only consideration of early parole of each nonviolent offender under the retroactive provisions of § 13A-5-9. The state court denied the petition for review on the basis that petitioner was not a non-violent offender because he was convicted of armed robbery, a crime of violence. Thompson appealed from the denial and could have pursued on appeal whether the state court improperly concluded that he was not a non-violent offender. Whether petitioner was a non-violent offender or not for purposes of § 13A-5-9.1 does not present a constitutional claim but rather a state law claim.

The Alabama Court of Criminal Appeals in *Holt v. State*, ____ So.2d ____, 2006 WL 510784 (Ala. Crim. App. 2006) recently held that the statutory designation of an offense, such as robbery in the first degree, as a "violent offense" does not preclude the circuit court from considering other factors in determining whether an inmate is a "nonviolent convicted offender" for purposes of § 13A-5-9.1. It appears that the circuit court may have relied upon the statutory designation of petitioner's offense for armed robbery in determining that he did not qualify as a "non-violent offender." Mr. Thompson, however, cannot obtain federal habeas relief on that claim inasmuch as he admits that he filed an appeal from the 2005 denial of his petition for review and

reduction of his sentence but then "filed his motion to dismiss appeal without prejudice on March 21st, 2005, thereby waived appeal." (doc. no. 1, p. 3). Orders on 13A-5-9.1 motions are appealable. *Holt, supra*. By dismissing his appeal, Mr. Thompson intentionally procedurally defaulted on this claim. The United States Supreme Court has explained that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). A complete round of the state appellate process includes discretionary appellate review "when that review is part of the ordinary appellate review procedure in the State." *Id*. at 847, 119 S.Ct. at 1733.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the Court is of the opinion that the magistrate judge's findings are due to be, and they hereby are, ADOPTED, and his recommendation is ACCEPTED. Accordingly, the petition for writ of habeas corpus is due to be DISMISSED as untimely. A Final Judgment will be entered.

DONE this 9th day of March, 2007.

_____
United States District Judge

6